# IN THE COURT OF APPEALS 3/25/97

## OF THE

## STATE OF MISSISSIPPI

### NO. 94-KA-00923 COA

CHRISTOPHER SHANE WILLIAMS

APPELLANT

v.

STATE OF MISSISSIPPI

APPELLEE

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B

TRIAL JUDGE: HON. HON. GEORGE C. CARLSON, JR.

COURT FROM WHICH APPEALED: DESOTO COUNTY CIRCUIT COURT

ATTORNEY FOR APPELLANT:

ROBERT GILDER

ATTORNEY FOR APPELLEE:

OFFICE OF THE ATTORNEY GENERAL

BY: DEIRDRE MCCRORY

DISTRICT ATTORNEY: ROBERT WILLIAMS

NATURE OF THE CASE: MANSLAUGHTER

TRIAL COURT DISPOSITION: CONVICTED AND SENTENCED TO SERVE 15 YEARS IN THE CUSTODY OF THE MDOC

MANDATE ISSUED: 9/26/97

BEFORE BRIDGES, C.J., DIAZ, AND KING, JJ.

KING, J., FOR THE COURT:

Williams was convicted of manslaughter in the Circuit Court of Desoto County and sentenced to serve a term of fifteen years in the custody of the Mississippi Department of Corrections. Aggrieved, Defendant appeals assigning as error:

> I. The court's refusal to dismiss the indictment against him on the basis of a warrantless arrest that was not followed by a hearing before a judicial officer;
>
> II. The court's refusal of requested jury instructions;
>
> III. The court's failure to amend an instruction submitted by the State;
>
> IV. The court's refusal to order a new trial because the prosecutor made prejudicial remarks during closing argument.

We find no error and affirm.

## FACTS

Police learned that the Defendant was responsible for fatally shooting Bobby Burton and arrested the Defendant without a warrant at approximately 1:30 a.m. on July 29, 1993. After Defendant's arrest, an officer appeared before the municipal judge with a sworn affidavit showing that probable cause existed for the arrest of the Defendant. The affidavit alleged that upon the arrest of Williams, the officer inquired into the location of the weapon used in the shooting, and Williams replied that he had thrown it away. Based upon this information, the warrant was issued. A copy of the warrant was served upon the Defendant, and pursuant to the warrant, Defendant's initial appearance before the municipal judge occurred on August 4, 1993.

Williams was indicted for the murder of Bobby Burton and trial was held. After the State had rested, defense counsel moved the court for an order dismissing the charges against Williams because Williams had been arrested without a warrant and had not been taken before a judicial officer within forty-eight hours of the arrest. In support of the motion, defense counsel cited *Powell v. Nevada,*511 U.S. 79, 114 S. Ct. 1280, 128 L. Ed. 2d 1 (1994). The court determined that *Powell* was inapplicable to Defendant's arrest and denied the motion.

After both the State and defense had rested, a jury instruction conference was held, and the court denied the following instructions requested by the Defendant:

**INSTRUCTION D-5**

> If you find that the Defendant is not guilty of murder, then you may inquire as to whether or not he is guilty of the lesser included offense of manslaughter. If you find from the

evidence in this case beyond a reasonable doubt that:

1. Christopher Shane Williams, on or about July 28, 1992, in DeSoto County

2. Willfully killed Bobby Burton, Jr., without malice in the heat of passion by the use of a deadly weapon and further that

3. Christopher Shane Williams was not acting in self-defense or the defense of others and the shooting was not accidental and/or through misfortune, then you shall find the Defendant guilty of manslaughter.

If the prosecution has failed to prove any one or more of the above listed elements beyond a reasonable doubt, then you shall find Christopher Shane Williams not guilty of manslaughter.

**INSTRUCTION D-7**

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the Defendant's guilt. There are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. If, based on your consideration of the evidence, you are firmly convinced that the Defendant is guilty of the crime charged, you must find him guilty. If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

In addition to denying the aforementioned instructions, the court granted the State the following instruction:

**INSTRUCTION S-1**

The Defendant, Christopher Shane Williams , has been charged with the crime of Murder. If you find from the evidence in this case, beyond a reasonable doubt, that:

1. The deceased, Bobby Burton, Jr., was a living person; and

2. On or about July 28, 1993, Christopher Shane Williams did wilfully and of his malice aforethought;

3. Shoot with a firearm and kill Bobby Burton, Jr.;

4. With the deliberate design to effect the death of Bobby Burton Jr., and

5. Christopher Shane Williams was not acting in self-defense or the defense of others and the shooting was not accidental and/or through misfortune, then you shall find the Defendant, Christopher Shane Williams guilty of murder as charged.

If you find that the State has failed to prove, beyond a reasonable doubt, any one or more of the elements of the crime of murder, you will find the Defendant not guilty of this original charge and proceed with your deliberations to decide whether the State has proven, beyond a reasonable doubt, all of the elements of the lesser offense of Manslaughter. After deliberations on the lesser offense , if you find from the evidence, beyond a reasonable doubt, that:

1. Bobby Burton, Jr. was a living person; and

2. On or about July 28, 1993, the Defendant, Christopher Shane Williams, did shoot and kill Bobby Burton, Jr.;

3. Without malice;

4. By the use of a dangerous weapon;

5. Without authority of law; and

6. Christopher Shane Williams was not acting in self-defense or the defense of others and the shooting was not accidental and/or through misfortune, then you shall find the Defendant, Christopher Shane Williams guilty of the crime of manslaughter.

 If the State has failed to prove, beyond a reasonable doubt, any one or more of the elements of the crime of manslaughter, then you shall find the Defendant, Christopher Shane Williams not guilty.

 You should consider the lesser offense instruction only if you first find that the Defendant is not guilty of the original charge of murder.

 However, not withstanding this right to find the Defendant guilty of the lesser crime than that originally charged, it is your duty to accept the law as given to you by the Court; and if the facts and law warrant a conviction of the original charge, then it is your sworn duty to make such finding uninfluenced by your power to find a lesser offense. This provision is not designed to relieve you from the performance of an unpleasant duty. It is included to prevent a failure of justice if the evidence fails to prove the original charge but does justify a verdict for the lesser crime.

Counsel for the prosecution and the defense were permitted to present closing arguments to the jury. The prosecution made the following remarks during its closing argument:

But your other option is to bite on these excuses, people, and you can do that, and the case will be over, Shane will go home, and there's nothing I can do about that. But if you do that, I ask this one favor of you. The next time you're on the street and you hear your fellow citizens start crying and huffing and puffing about the legal system and its technicalities and how it doesn't work, please do not have the audacity to chime in with them.

Defense counsel objected to the remarks, and the court sustained the objection. In addition, the court admonished counsel and the jury, "Again the jury has to make the decision in this case based on the evidence presented in this case and the law as given by the Court. The jury will disregard the last comment."

## ANALYSIS OF THE ISSUES AND DISCUSSION OF LAW

I.

### DID THE TRIAL COURT ERR IN NOT DISMISSING THE INDICTMENT CHARGING THE DEFENDANT?

Defendant argues that pursuant to the *Powell* decision, the trial court erred by refusing to dismiss the indictment charging him because the uncontradicted proof showed that he was arrested without a warrant and did not appear before a judicial officer within forty-eight hours. In *Powell*, the defendant was arrested without a warrant on November 3 for felony child abuse. On that same day, the arresting officer prepared a sworn declaration describing the cause and circumstances for the arrest; however, a magistrate did not find probable cause to hold the defendant for a preliminary hearing until November 7. On the same day, November 7, the defendant made prejudicial statements to the police, which the prosecutor presented at trial. The defendant did not personally appear before a magistrate until November 13. By that time, the child had died, and the defendant was additionally charged with murder. Citing the 48-hour rule pronounced in *County of Riverside v. McLaughlin*, the court determined that the arrest was presumptively unreasonable. *Powell v. Nevada,* 114 S.Ct. 1280, 1282 (1994).

By assuming that *Powell* and *McLaughlin* requires Defendants to be present during probable cause determinations, Defendant argues that his initial probable cause determination and subsequent appearance before a magistrate six days following the arrest violated the *McLaughlin* 48-hour rule. The assumption is incorrect. We find that neither *McLaughlin* nor *Powell* mandates that defendants be present at probable cause determinations. The following excerpt from the *McLaughlin* court explaining the *Gerstein* decision supports our finding:

We recognized that "state systems of criminal procedure vary widely" in the nature and number of pretrial procedures they provide, and we noted that there is no single "preferred" approach. We explained further that "flexibility and experimentation by the States" with respect to integrating probable cause determinations was desirable and that each State should settle upon an approach "to accord with [the] State's pretrial procedure viewed as a whole." Our purpose in Gerstein was to make clear that the Fourth

Amendment requires every State to provide prompt determinations of probable cause, but that the Constitution does not impose on the States a rigid procedural framework. Rather, individual States may choose to comply in different ways.

*McLaughlin,* 500 U.S. at 53 (citations omiited). *McLaughlin* clearly states that the Constitution does not impose upon states rigid procedural guidelines for complying with the Fourth Amendment; therefore, it follows that a defendant's presence at the probable cause determination is not mandated by *McLaughlin.* Nevertheless, Rule 1.02 of the Uniform Criminal Rules of Circuit Court Practice provides for the appearance of the defendant at the probable cause determination. The rule states:

> In all cases of arrest without a warrant, the person making such arrest must inform the accused of the object and cause of the arrest, except when he is in the actual commission of the offense, or is arrested in pursuit and upon completion of the arrest the person or persons arrested should be taken forth with before a magistrate.

Unif. Crim. R. Cir. Ct. Prac. 1.02. Thus, Defendant's absence from the probable cause determination violated Rule 1.02 of the Uniform Rules of Criminal Circuit Court Practice, not the *McLaughlin* 48-hour rule. However, this violation does not entitle Defendant to dismissal of the charges against him. In *Fleming v. State,* the defendant made similar claims, and the court answered, "An illegal arrest, without more, has never been viewed as a bar to subsequent prosecution, nor as a defense to a valid conviction." *Fleming v. State,* 604 So. 2d 280, 294 (Miss. 1992) (quoting *White v. State,* 507 So. 2d 98, 101 (Miss. 1987)). A defendant subjected to an illegal arrest is not immune from prosecution, but may be allowed to suppress any evidence obtained thereby. *Jackson v. State,* 337 So. 2d 1242, 1247 (Miss. 1976), *superseded by statute on unrelated grounds as recognized by Gray v. State,* 351 So. 2d 1342, 1349 (Miss. 1977). At trial, the Defendant did not allege that any evidence was obtained as a result of the illegal arrest and did not move to suppress evidence obtained as a result of the illegal arrest. Therefore, we find that the trial court was correct in denying Defendant's motion requesting dismissal of the charges. This assignment of error lacks merit.

II.

> DID THE TRIAL COURT ERR IN DENYING INSTRUCTION D-5 AND INSTRUCTION D-7?

Defendant suggests that the court erred when it denied Instruction D-5 because absent the instruction, the jury was not adequately instructed on the lesser-included offense of manslaughter. Although the court denied instruction D-5, the court submitted to the jury Instruction S-1 printed above. Unlike the denied instruction, Instruction S-1 does not restrict the definition of manslaughter to heat of passion killing. Instruction S-1 encompasses any killing without malice. Therefore, we find that the jury received adequate instruction on the lesser-included offense.

In addition, Defendant argues that the court erred when it denied Instruction D-7. In support of his contentions, Defendant cites Justice Kennedy's concurring opinion in *Victor v. Nebraska*, 114 S. Ct. 1239, 1253 (1994). Although Justice Kennedy lauded Instruction D-7 for stating the reasonable doubt standard succinctly and comprehensibly, he joined Part I of the majority's opinion, which said:

The beyond a reasonable doubt standard is a requirement of due process, but the Constitution neither prohibits trial courts from defining reasonable doubt nor requires them to do so as a matter of course. Indeed, so long as the court instructs the jury on the necessity that the defendant's guilt be proven beyond a reasonable doubt, the Constitution does not require that any particular form of words be used in advising the jury of the government's burden of proof.

*Victor,* 114 S. Ct. at 1243 (citations omitted). According to *Victor*, a trial court need only advise the jury that defendant's guilt must be proven beyond a reasonable doubt. The trial court satisfied this obligation when it submitted to the jury Instruction S-1 and the following instructions:

**C-5**

The court instructs the jury that the Defendant at the outset of the trial is presumed to be an innocent person. The Defendant is not required to prove his innocence, or to put in any evidence at all upon the subject. In considering the testimony in this case, you must look at the testimony and view it in the light of that presumption, which the law clothes the Defendant with, that he is innocent; and, it is a presumption that abides with him throughout the trial of this case until the evidence convinces each and every one of you to the contrary, beyond a reasonable doubt of guilt.

**C-6**

The court instructs the jury that the indictment in this case is not evidence or proof, and you are not to presume anything from the indictment, but you are to presume that the Defendant is not guilty unless and until the Defendant is proven guilty beyond a reasonable doubt.

Therefore, this assignment of error also lacks merit.

III.

DID THE TRIAL COURT ERR BY DENYING DEFENDANT'S REQUEST TO MODIFY INSTRUCTION S-1?

During the jury instruction conference, defense counsel objected to Instruction S-1 and requested that the instruction be amended to include the following language:

By the same token, if you find that the defendant is not guilty of murder, you should not convict him of the lesser charge of manslaughter because of sympathy or prejudice or out of an effort to reach a compromise verdict. If you have a reasonable doubt as to the guilt of the defendant on the offense of manslaughter also, you should return a verdict of not guilty.

The court refused to amend the instruction. Defendant argues that the instruction is unfair because it advised the jury that a manslaughter verdict should not be returned as a compromise, if the proof justified a conviction for murder, but failed to advise the jury of the reciprocal - that a verdict of manslaughter should not be returned out of sympathy for the victim. Our state's law on jury instructions has been summarized as follows:

Jury instructions are to be read together and taken as a whole with no one instruction taken out context. A defendant is entitled to have jury instructions which present his theory of the case; however, this entitlement is limited in that the court may refuse an instruction which incorrectly states the law, is fairly covered elsewhere in the instructions, or is without foundation in the evidence.

*Jackson v. State,* 645 So. 2d 921, 924 (Miss. 1994) (citation omitted).

Contrary to law, Defendant's assignment identifies the flaw of a single instruction. When the instructions are read together as a whole pursuant to law, we find that Defendant's concerns were addressed in other instructions. In the court's instructions to the jury, the court directed the jury:

You are to apply the law to the facts and in this way decide the case. You should not be influenced by bias, sympathy or prejudice.

The court further instructed the jury, "It is just as much your duty under the law and upon your oaths as jurors to turn an innocent person loose by your verdict of not guilty, as it is for you to convict a guilty person." These instructions fairly and adequately advised the jury that the verdict should be based only upon their application of the facts to the law. Again, we find no merit in Defendant's assignment of error.

IV.

DID THE TRIAL COURT ERR BY NOT DECLARING A MISTRIAL AFTER THE PROSECUTOR MADE PREJUDICIAL COMMENTS DURING CLOSING ARGUMENT?

Defendant argues that despite the court's admonishment to the jury, he was prejudiced by the preceeding remarks of the prosecutor during closing argument; therefore, the court should have granted his motion for JNOV or in the alternative, new trial. In essence, Defendant argues that the court's admonishment to the jury was insufficient to cure the harm resulting from the prosecutor's remarks. A like contention was made by the defendant in *Alexander v. State,* and the court replied:

The trial judge is in the best position for determining the prejudicial effect of an

objectionable comment. (citation omitted). Thus, the judge is vested with discretion to determine whether the comment is so prejudicial that a mistrial should be declared. (citation omitted). Where "serious and irreparable damage" has not resulted, the judge should "cure" or remedy the situation by "admonish[ing] the jury then and there to disregard the improp[riety]." (citations omitted).

*Alexander v. State,* 602 So. 2d 1180, 1182-83 (Miss. 1992). Notwithstanding the discretion accorded trial judges in determining whether prejudicial comments necessitate the declaring of a mistrial, we proceed on the premise that jurors take their responsibilities quite seriously, and this Court presumes as a matter of institutional imperative that our jurors respect the law as they are instructed by the court. *Alexander,* 602 So. 2d at 1183 (citations omitted).

In the instant case, we find that the prosecutor's comments were improper; however, the harm was not irreparable. Therefore, we find that the trial judge's admonition was sufficient to cure any prejudice resulting from the prosecutor's remarks. This assignment of error also lacks merit. Consequently, Defendant's appeal lacks merit; therefore, we affirm the conviction and sentence.

**THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY OF CONVICTION OF MANSLAUGHTER AND SENTENCE OF 15 YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. COSTS OF THIS APPEAL ARE TAXED TO THE APPELLANT.**

**BRIDGES, C.J., McMILLIN AND THOMAS, P.JJ., COLEMAN, DIAZ, HERRING, PAYNE, AND SOUTHWICK, JJ., CONCUR.**